# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **STEPHEN C. PARRATT**,<br><br>　　**Plaintiff**,<br><br>v.<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,**<br><br>　　**Defendant.** | Case No. 15-2091 |

## REPORT AND RECOMMENDATION

　　Plaintiff Stephen Carl Parratt seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of his applications for supplemental security income. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#13)** be **DENIED**, Defendant's Motion for Summary Judgment **(#16)** be **GRANTED**, and that the decision to deny benefits be affirmed.

**I.　　Background**

　　At the time Plaintiff filed his current application for supplemental security income, on January 31, 2012, Plaintiff had five prior applications for supplemental security income denied. The most recent application was denied initially on November 14, 2011, and Plaintiff did not appeal that determination. Plaintiff's current claim, alleging a disability onset date of January 4, 2005, was denied initially on June 18, 2012, and upon reconsideration on October 31, 2012. Plaintiff filed a request for a hearing. Represented by counsel, Plaintiff appeared and testified at a video hearing before an Administrative Law Judge (ALJ), during which the ALJ heard testimony from Plaintiff and an impartial vocational expert.

　　On November 26, 2013, the ALJ issued an unfavorable decision, finding Plaintiff not disabled as of January 31, 2012, the date of Plaintiff's most recent application. (R. 18-32.) Plaintiff filed a Request for Review, which the Appeals Council denied, making the ALJ's ruling the Commissioner's final decision.

Plaintiff's Motion raises three arguments: 1) the ALJ erred in his treatment of the issues of re-opening and administrative *res judicata* in this claim; 2) the ALJ's re-opening determination was legally deficient on its face; and 3) the ALJ erred in weighing the finding of permanent total disability by the Ohio Bureau of Workers' Compensation. Plaintiff does not raise any further arguments concerning the ALJ's Decision, and any other challenges are therefore waived. *See Bodenstab v. Cnty of Cook*, 569 F.3d 651, 658 (7th Cir. 2009).

## II. Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III. Analysis

### a. Reopening Prior Applications

Plaintiff's first two arguments relate to the ALJ's treatment of Plaintiff's prior applications, and the Court will consider them together. "[W]hen a decision has been reopened and reconsidered on the merits to any extent, the Secretary is estopped from asserting *res judicata*. The new decision on the merits is subject to judicial review." *Johnson v. Sullivan*, 936 F.2d 974, 976 (7th Cir. 1991.) When a claim is not reopened, however, the district court does not have jurisdiction to review the ALJ's decision. *Id*.

Here, the ALJ specifically decided not to reopen Plaintiff's prior applications. (R. 30.) Plaintiff, though, argues that the ALJ *de facto* reopened the case. Courts have found that when the ALJ "reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened, and any claim of administrative res judicata to have been waived" and thus, "the claim is . . . subject to judicial review." *Byam v. Barnhart*, 336 F.3d 172,

180 (2d Cir. 2003); *see also Cash v. Barnhart*, 327 F.3d 1252, 1256 (11th Cir. 2003); *Brown v. Sullivan*, 932 F.2d 1243, 1247 (8th Cir. 1991); *Kasey v. Sullivan*, 3 F. 3d 75, 78 (4th Cir. 1993). These courts have also noted that when the ALJ merely makes a "specific conclusion that the claim should be denied on res judicata grounds, the threshold inquiry into the nature of the evidence should not be read as a reopening of this claim on the merits." *McGowen v. Harris*, 666 F.2d 60, 68 (4th Cir. 1981). "Otherwise these threshold inquiries would lead to frequent unwarranted judicial review, defeating Congress's choice for finality." *Byam*, 336 F.3d at 181.

Plaintiff argues that the ALJ *de facto* reopened the prior applications when the ALJ admitted old medical records into evidence and "at least to some degree, re-weighed this evidence." Contrary to this argument, the ALJ acknowledged the five prior applications, noted that Plaintiff requested the prior applications be reopened, and determined that he would not reopen the applications. (R. 18, 27, 30.) Plaintiff points to the ALJ's statement that "the opinions in the prior applications that limit the claimant to sedentary work are not supported by either the objective evidence of record, i.e. normal clinical examinations in general, or the subjective evidence, i.e. as discussed above, the claimant's ability to engage in routine activities despite his pain and his assertions that are not entirely credible." While the ALJ admitted the old records into evidence, courts have recognized that "when presented with a request to reopen earlier applications, the [ALJ] must look into the facts of those applications to determine whether there is cause to reopen them." *Byam*, 336 F. 3d at 181. The ALJ here made no further inquiry into Plaintiff's past applications and clearly stated that he was not reopening the case. R. at 27. Consistent with the case law from other circuits, the Court finds that the ALJ's threshold inquiry into Plaintiff's prior applications does not amount to a *de facto* reopening of the case.

Plaintiff also argues that the ALJ's reopening determination was deficient. However, because the Court finds that the ALJ did not reopen the prior applications, this decision is not subject to judicial review. *Johnson*, 936 F.2d at 976.

### b. Workers' Compensation Finding

Next, Plaintiff argues that the ALJ did not consider the finding of John Havener, a hearing officer from the Ohio Industrial Commissioner, that Plaintiff is entitled to Workers' Compensation due to a total permanent disability. The Workers' Compensation disability finding constituted evidence that the ALJ cannot ignore. 20 C.F.R. § 416.912(b)(5) (including "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or

blind as evidence to be considered."); POMS DI 24515.008 ("evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered"). The Regulations also provide that disability determinations of other government agencies are not binding on the ALJ. 20 C.F.R. §416.904 ("[A] determination made by another agency that you are disabled or blind is not binding on us."); POMS DI 24515.008 ("[A] determination made by another agency [e.g., Workers' Compensation, the Department of Veterans Affairs, or an insurance company] that you are disabled or blind is not binding on us."). Consistent with these regulations and policies, the ALJ did not ignore the evidence from the Workers Compensation finding. Instead, the ALJ specifically considered Mr. Havener's finding, but noted that he did not give any weight to Mr. Havener's opinion because Mr. Havener is not a medical source under the Regulations, and his opinion utilized a different set of standards than those used by the Social Security Administration. (R. 25.) The ALJ's analysis meets the requirements under the Social Security Regulations, and the Court does not find reversible error. *See Perkins v. Colvin*, 632 Fed. Appx. 849, 852-53 (7th Cir. 2015) ("Even if the ALJ should have explicitly discussed the [workers' compensation] decision, that decision was not binding on the ALJ because it is not based on Social Security law.")

**IV.     Conclusion**

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#13)** be **DENIED**, Defendant's Motion for Summary Judgment **(#16)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 15th day of August, 2016.

s/ERIC I. LONG<br>UNITED STATES MAGISTRATE JUDGE